UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Annette Al Sharifi, | Case No. |
| and | |
| Ebeid Al Sharifi, | **COMPLAINT** |
| Plaintiff, | |
| v. | **Jury Demand Requested** |
| Stellar Recovery, Inc.<br>c/o Business Filings Incorporated<br>118 W. Edwards Street, Suite 200<br>Springfield, IL 62704, | |
| Defendant. | |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiffs incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4- Plaintiffs are residents of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Florida.

6- Defendant acquired the Debt after it was in default and therefore qualifies as a "Debt Collector" under the Fair Debt Collection Practices Act.

7- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

1

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

10- On or around June 1, 2015, Plaintiffs filed a voluntary bankruptcy petition.

11- Upon filing their petition, Plaintiffs gained the benefit of the bankruptcy stay, which applied to the Debt with Comcast.

12- On July 31, 2015, through their attorneys, Plaintiffs notified Comcast via facsimile that they had filed bankruptcy, and that the bankruptcy stay applied to the Debt.

13- On September 4, 2015, through their attorneys, Plaintiffs again notified Comcast via facsimile that they had filed bankruptcy, and that the bankruptcy stay applied to the Debt.

14- Defendant acquired the Debt after June 1, 2015.

15- Despite the bankruptcy filing, on or around September 5, 2015, Defendant sent a letter to Plaintiffs to collect the Debt.

16- At the time of the letter, Defendant knew, or should have known, that Plaintiffs filed bankruptcy.

17- Defendant damaged Plaintiffs.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

21- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

23- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT IV

25- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT V

27- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

29- Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

30- Plaintiffs pray for the following relief:

   a. Judgment against Defendant for Plaintiffs' actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $2,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*