IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANNETTE AL SHARIFI**, and<br>**EBEID AL SHARIFI**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 15 C 10587<br>) |
| **STELLAR RECOVERY, INC.**<br>c/o Business Filings Incorporated<br>118 W. Edwards Street, Suite 200<br>Springfield, IL  62704, | )<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

　　　This Court's current mail delivery has included a courtesy copy of the Answer and Affirmative Defenses to the Complaint brought by Annette and Ebeid Al Sharifi ("the Al Sharifis") -- a pleading prepared and transmitted by the Florida law firm representing defendant Stellar Recovery, Inc. ("Stellar").  Regrettably that responsive pleading is far less than "stellar," and this memorandum order is issued sua sponte to strike that pleading and require a complete do-over.

　　　Here the least of defense counsel's sins is the failure to comply with a procedural rule of this District Court (though any law firm that ventures onto foreign soil ought to familiarize itself with such local requirements).  In this instance LR 10.1 requires the responsive pleader to set out a "concise summary" of each of a complaint's allegations before providing the appropriate response (a requirement that has the obvious purpose of allowing any reader to see just what is and what is not admitted or denied without having to flip back and forth between two

pleadings).[1] That requirement is readily curable, and the replacement pleading ordered here will be expected to take care of it.

More importantly in substantive terms, nearly every one of the responsive pleading's paragraphs is flawed in two universal (not local) respects:

1. By far the majority of Stellar's responses take the following form:

> Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph -- and, therefore, denies same for the present time and demands strict proof thereof;

That usage is totally at odds with the terms of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) -- moreover, even when the responses are reshaped to conform to that Rule as Stellar's counsel must do, their continuation with the statement "and, therefore, denies same" is unacceptable, for it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough <u>information</u> to form a <u>belief</u> as to the truth of an allegation (as Rule 8(b)(5) requires), then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer. As if those errors were not bad enough (and they are), the same paragraphs' repeated demands for "strict proof" (whatever that may mean) play no proper role in federal pleading. In all the respects set out up to this point, defense counsel would do well to read

---

[1] Most frequently that requirement is complied with by copying each of a complaint's allegations verbatim, rather than through paraphrase.

and learn from App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

2. Virtually all of Stellar's remaining responses (Answer ¶¶ 18, 20, 22, 24, 26 and 28) state incorrectly that the corresponding allegations by the Al Sharifis call for no response because they contain legal conclusions. Not so -- see App'x ¶ 2 to State Farm.

Because those fundamental errors are so all-pervasive, the entire responsive pleading is stricken -- but leave is granted to file a proper pleading on or before February 12, 2016.

That is not the end of the story, however. For one thing, Stellar's denial that the Al Sharifis are entitled to a trial by jury is also flat-out wrong and should not be repeated the next time around. And finally, the Affirmative Defenses ("ADs") that follow the paragraphs of the Answer are flawed as well. Here are their obvious problems:

1. AD 1, which sets out the equivalent of a Rule 12(b)(6) motion to dismiss, should not be allowed to sit there like a ticking time bomb waiting to explode at some later date. If Stellar's assertion is sound (which does not appear to be the case in any event), it should be advanced up front by a properly supported motion so that the sufficiency of the Complaint can be addressed at the threshold.

2. AD 2 has the same flaw and, moreover, is obviously speculative. If the Al Sharifis have in fact failed to mitigate their damages, Stellar certainly does not know that at this point -- instead that is a matter that may be learned through discovery and, if such is the case, may be advanced at that time.

3. AD 4 is puzzling -- just how does a limitations bar apply in light of the Al Sharifis' allegations as to timing? That AD should not be refiled without an adequate supporting explanation.

In sum, any ADs set out in Stellar's new repleading must adhere to the Rule 11(b) requirement of both subjective and objective good faith.

## **Conclusion**

Stellar's Answer and Affirmative Defenses are stricken in their entirety. Leave is granted, however, to file a proper responsive pleading on or before February 12, 2016.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 20, 2016